This cannot be done after the arguments have commenced, nor at any time out of order, except by leave of the Court.
The defendant's counsel, in continuation. — This case, m principle, is of much importance. We have the oldest grant, and are in possession; how are we to be postponed? Only by the Acts of 1786, c. 20, and 1787, c. 23. This case must be examined, as it was understood at the time the defendant's entry was made.[3] The plaintiff's entry is vague, in calling to lie above Absalom Tatum's line. The entry in this respect might be complied with, and the land surveyed many miles above Tatum's line.
It has been proved that Little Harpeth River, which is also called for. was as notoriously known as Cumberland River: there never was known to be any other Little Harpeth River except the one known by that name at this day. and no proof that the *Page 406 
watercourse, on which this land lies was ever known by the name of Little Harpeth. Yet we are told from the other side that Absalom Tatum's line (which by the by had no existence when both entries were made) is to identify their claim, — this entry is certainly vague. Little Harpeth River is ten miles from this land. Suppose a man makes an entry to lie on the waters of Cumberland River, it is admitted on all hands that such entry would be as none. Will any court of justice permit the locator to come forward and swear that he intended it to lie at a particular place, and upon this ground make it valid? It has been insisted that our locator, Robertson, had notice where Tatum's claim lay, and thence it is argued he is bound to take notice of Reid's, — this is certainly not correct for many reasons: Reid does not call to adjoin Tatum, and if Robertson knew of Tatum's, it would not thence necessarily follow that he should know of Reid's. Where notice is allowable no person shall be affected by it, unless by some instrument or paper in which he has an interest, and consequently is informed by its referring to some other paper.[1] The legislature having prescribed notice by entry, no proof of any other will be received.[2] Most persons think we have gone at least far enough when we admit an entry to compete with a grant. Surely it never will be allowed that any proof, less than that of record, shall destroy a grant. On caveats, which is an equitable proceeding, and in chancery parol evidence may be received of notice, but even these courts are very cautious.
In the course of this argument were cited, by the defendant's counsel, Sneed, 91, 238, Wilson v. Mason; 1 Cranch, 45-100; Hughes, 1.
[1] See 2 Binney, 455.
[2] See 1 Cr. 71.
[3] See 1 Cr. 299, 304, in n; Ib. 309, 3 Johns. 392; Maryl. 212, 233; Camp. 22.